**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHIGAN LABORERS HEALTH
CARE FUND, et al.,

    Plaintiffs,                                     Case No. 06-13251

v.                                            HONORABLE DENISE PAGE HOOD

KENNETH HOADLEY, et al.,

    Defendants.

_____/

**MEMORANDUM OPINION & ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL DEFAULT JUDGMENT AND SETTING ASIDE DEFAULT AS TO DEFENDANT CAROLYN HOADLEY ONLY AND ADJOURNING PLAINTIFFS' MOTION FOR PARTIAL DEFAULT JUDGMENT AS TO DEFENDANTS KENNETH HOADLEY AND K.C. CONTRACTORS, INC., AND ORDERING RESPONSE BY 12/08/2006**

**I.    INTRODUCTION**

       This matter is before the Court on Plaintiffs' Motion for Partial Default Judgment, filed on September 5, 2006. A hearing was held on this matter on September 27, 2006. At the hearing, Defendant Carolyn Hoadley appeared before this Court and requested more time to respond to Plaintiffs' Motion for Partial Default Judgment. This Court gave Defendants until October 30, 2006 to obtain counsel in this matter and file the necessary responsive pleadings. Accordingly, oral argument was postponed until November 8, 2006. To date, Defendants have filed no Response in Opposition to Plaintiffs' Motion for Partial Default Judgment. On October

1

30, 2006, Defendant Carolyn Hoadley filed an Answer[1] to Plaintiffs' Complaint.  The Answer was signed by Defendant Carolyn Hoadley as a representative of K.C. Contractors.  Defendant Kenneth Hoadley has filed no Answer or otherwise responded to Plaintiffs' Motion for Partial Default Judgment.

Plaintiffs filed the instant action on July 18, 2005, under the Employee Retirement Income Act (ERISA), 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act (LMRA), 29 U.S.C. §185(a), to collect unpaid employee benefit contributions, audit and late payment assessments.

## II.     STATEMENT OF FACTS

Plaintiffs, Michigan Laborers' Health Care Fund, Michigan Laborers' Vacation Fund, Michigan Laborers' Pension Fund, Michigan Laborers' Training Fund, Michigan Laborers'-Employers' Cooperation and Education Trust Fund and Michigan Laborers' Annuity Fund are jointly administered employee benefit funds that receive employer contributions pursuant to collective bargaining agreements (CBAs).  Plaintiff, Michigan Chapter, Associated General Contractors Association is a multi-employer association that receives industry advancement contributions pursuant to CBAs.  Defendants, Kenneth Hoadley, and Carolyn Hoadley operate a construction business, Defendant K.C. Contractors, Inc., located in Flint, Michigan.

Plaintiffs assert in their Motion for Partial Default Judgment that Defendants were required to make benefit contributions to Plaintiffs' benefit funds under the terms of CBAs.

---

[1] The Court notes that along with the Answer, Defendant Carolyn Hoadley provided two documents, both of which are illegible, although the documents appear to be documents previously submitted by Plaintiffs.

2

Additionally, Defendants were required to submit monthly contribution reports showing the hours of covered work performed by each employee.[2] Defendants were required to submit these reports along with the appropriate contribution payment by the 15th day of the month after the month in which the work was performed. Plaintiffs conducted an audit for the period of June 2001 through August 2004 which established that Defendants owed $7,896.70 in unpaid benefit contributions and $4,275.04 in unpaid assessments, specifically $2,582.15 in audit assessments, and $1,692.89 for late payment assessments, for that period. Plaintiffs also assert that Defendants have failed to make contributions during the post-audit period.

Plaintiffs request partial default judgment for the unpaid benefit contributions, $7,896.70, pursuant to 29 U.S.C. § 1132(g)(2), and reasonable attorney's fees and costs in the amount of $2,989.50, pursuant to 29 U.S.C. § 1132(g)(2)(D). Plaintiffs request audit assessments, and late payment assessments, totaling $4,275.04, pursuant to 29 U.S.C. § 185(a). Plaintiffs also request that this Court order Defendants to submit contribution reports for the period after December 2004 pursuant to the terms of the CBAs and 29 U.S.C. § 1145, and remit the contributions for that period. Lastly, Plaintiffs request that this Court order Defendants to submit to an audit for the period after August 2004.

### III.   APPLICABLE LAW & ANALYSIS

#### A.   Defendant Carolyn Hoadley's Answer

In federal court, only attorneys may represent corporations. 28 U.S.C. § 1654; *United*

---

[2] The hours are multiplied by the applicable benefit rates to determine the amount of contributions owed to each Plaintiff for the month.

*States v. 9.19 Acres of Land, More or Less, in Marquette County, Michigan*, 416 F. 2d 1244, 1245 (6th Cir. 1969).   Defendant Carolyn Hoadley cannot represent Defendant Kenneth Hoadley, as she is not a licensed attorney and not authorized to practice law in this State, nor can Defendant Carolyn Hoadley appear for Defendant K.C. Contractors, Inc.   As such, the Court cannot construe Defendant Carolyn Hoadley's Answer as an Answer for Defendants Kenneth Hoadley or K.C. Contractors.[3]

In Defendant Carolyn Hoadley's Answer, she indirectly requests that this Court set aside the entry of default, and requests a change of venue.  Accordingly, the Court will construe Defendant Carolyn Hoadley's Answer as a Motion to Set Aside Default and for Change of Venue.

### 1.   **Set Aside Default**

Federal Rule of Civil Procedure 55(c) states that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Rule 55(c) applies if a default and not a default judgment has been entered by the Court.  Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default. *Shepard Claims Service v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986).  Three factors must be determined to set aside a default under Rule 55(c): 1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether culpable conduct of the defendant led to the default.  *Id.* at

---

[3] At oral argument defense counsel asserted K.C. Contractors, Inc. was dissolved but that Kenneth and Carolyn Hoadley continued to run a business under that name.

192.  However, when the first two factors militate in favor of setting aside the entry of default, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a wilful failure of the moving party to appear and not plead.  *Id.*  In a Rule 55(c) motion to set aside entry of default, the "good cause" standard is applied and it is not absolutely necessary that the neglect or oversight as reason for the delay be excusable.  To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.  *Id.*  In *Shepard Claims Service*, the court of appeals found that because defendant filed an entry of appearance and an answer shortly after learning that default had been entered, the delay was not lengthy and there was no pattern of disregard for court orders or rules. The strong policy in favor of deciding cases on the merits outweighed any inconvenience to the court or plaintiff.  *Id.* The Sixth Circuit notes that a more lenient standard is applied to a Rule 55(c) motion when there has only been an entry of default as opposed to Rule 60(b) motions where a default judgement has been entered.  *Id.* at 193.  Since entry of default is just the first procedural step on the road to obtaining a default judgment, the same policy favoring trials on the merits applies.  *Id.*

    A mere delay in satisfying a plaintiff's claim, if plaintiff should ultimately succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default. *See Berthelsen v. Kane*, 907 F.2d 617 (6th Cir. 1990).  Mere delay in satisfying a claim, should a plaintiff ultimately succeed at trial, is insufficient to show prejudice and does not require denial of a motion to set aside a default. *Newhouse v. Probert*, 608 F. Supp. 978, 984 (W.D. Mich. 1985). To show prejudice, a plaintiff must show that the delay will result in the loss or increased difficulties in discovery.  *INVST Financial Group, Inc*. v. *Chem-Nuclear Systems, Inc.*, 815 F.2d

391, 398 (6th Cir. 1987). Defendant Carolyn Hoadley's Answer was filed on October 30, 2006, and the Clerk's Entry of Default was filed on August 15, 2006. This delay does not overcome the strong policy in favor of deciding cases on the merits, which outweighs any inconvenience to the Court or to Plaintiffs. *Id.*

As to Defendant Carolyn Hoadley's defense, in her motion, she indirectly asserts that the CBAs are not valid contracts as there was no meeting of the minds. Defendant Carolyn Hoadley alleges that she believed the contracts were valid for one year only, and that she has never seen the contracts, nor received any notice of late charges. She argues that the charges for unpaid contributions and assessments are inaccurate or questionable as they are for finishers, who are not covered employees under the terms of the CBAs. The CBA signed by Carolyn Hoadley on May 30, 2001 was for a period from the year 2000 to the year 2003. Additionally, the 2000 - 2003 CBA's Article XVIII, entitled "Termination," provides that the CBA continues from year to year unless terminated by written notice sixty (60) days prior to May 31, 2006, or any annual anniversary date thereafter. As such, Defendant Carolyn Hoadley does not state a meritorious defense as to the validity of the CBA. However, Defendant Carolyn Hoadley has stated sufficient facts to assert a meritorious defense to this cause of action based upon whether contributions and assessments were or should be assessed for employees not covered by the CBA.

The third factor is whether culpable conduct of the defendant led to the default. The Court does not find that Defendant Carolyn Hoadley's actions were wilful or that she recklessly disregarded these judicial proceedings. She appeared at the September 27, 2006 hearing, and filed a responsive pleading by the deadline set by this Court, October 30, 2006. She has not

retained counsel in this matter as no attorney has filed an appearance in this action, however she indicates she has been in contact with an attorney.

The first two factors militate in favor of setting aside the default as to Defendant Carolyn Hoadley, and it would be an abuse of discretion for this Court to deny Defendant's motion to set aside the default as she has not wilfully failed to appear and plead in this matter.

### 2. Venue

Defendant Carolyn Hoadley requests that this matter be transferred to the U.S. District Court, Eastern District of Michigan's Flint location. The Court cannot do this, change of venue is only proper when transferring a matter to another district court. 28 U.S.C.§ 1412.

### B. Default Judgment

Federal Rule of Civil Procedure 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(b)(2) states that upon application by the party, the Court may enter a Judgment by Default. Rule 55(b)(2) further provides: "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper...."

On August 15, 2006, a Clerk's Entry of Default was entered against Defendants Kenneth

Hoadley, Carolyn Hoadley and K.C. Contractors, Inc.  As has been discussed, the Court construes Defendant Carolyn Hoadley's Answer as a Motion to Set Aside Default and has determined that setting aside the entry of default is appropriate under the circumstances.  The Motion for Default Judgment is denied as to Defendant Carolyn Hoadley.  As it is not clear whether K.C. Contractors, Inc. or Kenneth Hoadley were properly notified that they cannot be represented by Defendant Carolyn Hoadley, the Motion for Partial Default Judgment as to Defendants Kenneth Hoadley and K.C. Contractors, Inc. is adjourned to give each an opportunity to respond in writing to Plaintiffs' Motion for Partial Default Judgment by December 8, 2006.  Failure to respond or otherwise defend will result in a Partial Default Judgment being entered against Defendant Kenneth Hoadley and Defendant K.C. Contractors, Inc.

      Accordingly,

For the reasons stated above, IT IS ORDERED that Plaintiffs' Motion for Partial Default Judgment [**Docket No. 11, filed September 5, 2006**] as to Defendant Carolyn Hoadley, only, is DENIED.

      IT IS FURTHER ORDERED that the Clerk's Entry of Default **[Docket No. 9, filed August 15, 2006]** against Defendant Carolyn Hoadley, only, be SET ASIDE.

      IT IS FURTHER ORDERED that Defendants K.C. Construction and Kenneth Hoadley file a responsive pleading to Plaintiffs' Motion for Entry of Partial Default Judgment or otherwise defend this matter by December 8, 2006.  If Defendants K.C. Construction and Kenneth Hoadley fail to comply with this Court's Order by failing to file a responsive pleading or otherwise defend this matter by the deadline set by this Court, the Court will grant Plaintiffs' Motion for Partial

Default Judgment as to Defendants Kenneth Hoadley and K.C. Contractors, Inc. in the amount of $7,896.70 for unpaid contributions, plus $4,275.04 for unpaid assessments, plus $2,989.50 for attorney's fees and costs, totaling an amount of $15,161.24.

IT IS FURTHER ORDERED that Defendants submit to an audit for the period after August 2004.

DATED: November 27, 2006

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 27, 2006, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager